UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NEW ORLEANS DENTAL ASSOCIATION, INC. | CIVIL ACTION |
| VERSUS | NO. 06-7509 |
| NORTH AMERICAN INSURANCE COMPANY | SECTION "N" (1) |

# **ORDER AND REASONS**

Presently before the Court is the "Motion for Judgment Under Rule 54(b)" filed by Defendant, North American Capacity Insurance Company ("North American") (Rec. Doc. No. 34). The motion is unopposed. For the reasons stated herein, **IT IS ORDERED** that Defendant's motion is **DENIED**.

## I. BACKGROUND

Plaintiff in this matter, New Orleans Dental Association, Inc. ("NODA"), was scheduled to hold its annual meeting in New Orleans, Louisiana on September 14-17, 2005. Defendant, North American, provided event cancellation insurance coverage to NODA. When the annual meeting was cancelled due to Hurricane Katrina, NODA made a claim with North American in the amount of $347,527.40. On August 24, 2006, NODA filed this action against North American in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, seeking the full amount of the insured loss plus statutory penalties under Louisiana insurance statutes, specifically, La. R.S. 22:658 and La. R.S. 22:1220. The case was removed to this Court by North American on October 6, 2006. In its petition, NODA contends that North American wrongfully refused to pay the full amount of NODA's loss, $347,527.40, as well as the undisputed amount of NODA's loss, $99,982.25.

On October 3, 2006, NODA received payment from North American in the amount of

$99,982.25, the undisputed loss. On December 28, 2006, NODA filed a motion for partial summary judgment, arguing that because North American failed to pay the undisputed amount within thirty days of receipt of demand, NODA was entitled to penalties of 50% of this amount under La. R.S. 22:658. NODA also contended that under La. R.S. 22:1220, it was entitled to recover interest on the undisputed amount for loss of use, along with an additional $5000 in penalties due to North American's failure to pay this amount within sixty days of receipt of proof of loss.

On March 14, 2007, the Court heard oral argument on the motion. The Court's oral ruling, which was rendered in open court, granted partial summary judgment in favor of NODA as to penalties under La. R.S. 22:658, and denied partial summary judgment as to penalties under La. R.S. 22:1220. The Court ordered that the matter be set for trial for adjudication of NODA's claims against North American for the disputed amount of NODA's loss.

Pursuant to Rule 54(b), North American now moves for entry of final judgment as to Plaintiff's claims under La. R.S. 22:658, which is unopposed.

## II. DISCUSSION

Rule 54(b) provides, in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b).

By its own terms, Rule 54(b) applies only when there are multiple claims for relief. The Rule, however, does not authorize the entry of final judgment on part of a single claim. The Fifth Circuit has stated that "[t]rue multiplicity is not present where . . . the plaintiff merely presents

alternative theories, drawn from the law of the same sovereign." *Schexnaydre v. Travelers Ins. Co.*, 527 F.2d 855, 856 (5th Cir.1976). Thus, the threshold inquiry for this Court is whether this is an action in which "more than one claim for relief is presented."

North American argues that Rule 54(b) applies because this Court "granted Plaintiff's Motion for Partial Summary Judgment with regard to Plaintiff's claims under La. R.S. 22:658." (Rec. Doc. No. 34-2, p.1). While North American does not explicitly present the argument, its motion implies that NODA's request for penalties under both La. R.S. 22:658 and La. R.S. 22:1220 amounts to two claims for relief for purposes of Rule 54(b). This argument is without merit. The instant action presents a single claim for relief, i.e., damages and penalties based on North American's failure to timely pay the full amount of the insured loss NODA alleges it sustained when its annual meeting was cancelled. NODA's request for penalties under both statutes does not present two claims for relief, but rather two different legal theories, under which the Court found that only one recovery is possible. The Court, in its oral ruling, found that the two recoveries are mutually exclusive.[1] Because Plaintiff is permitted to recover penalties on only one of these two theories of recovery, the Court finds that this action presents a single claim for relief for purposes of Rule 54(b).[2] Stated another way, "when a plaintiff is suing to vindicate one legal right and alleges several

---

[1] The Court found that under the Louisiana Supreme Court decision in *Calogero v. Safeway Ins. Co. of Louisiana*, 753 So.2d 170 (2000), NODA could only recover penalties under the statute providing the greater penalty, in this case, La. R.S. 22:658. (Rec. Doc. No. 37, p. 4, 23-23).

[2] On March 20, 2007, North American filed a motion to amend the Court's March 14, minute entry to reflect that Plaintiff's "claims under La. R.S. 22:658" were granted and its "claims under La.R.S. 22:1220" were denied. The motion was granted on March 23, 2007. To the extent that North American relies upon this language to support an argument that this action presents two claims for relief rather than two theories of recovery or elements of damages, the Court finds that, for the reasons stated herein, this reliance is misplaced. Moreover, even if the Court viewed NODA's request for penalties under both statutes as "claims" rather than "theories of recovery," the Court finds that the alleged "claims" are so closely related that they would not qualify as separate claims for purposes of Rule 54(b). *Monument*

elements of damage, only one claim is presented and Rule 54(b) does not apply." *Monument Management Ltd. Partnership I v. City of Pearl, Miss.*, 952 F.2d 883, 885 (5th Cir.1992) (*citing* 10A Wright, Miller & Kane, Federal Practice and Procedure Civil 2d § 2657 at 689-71).

The Court further notes that, while its ruling on the motion for partial summary judgment disposed of the portion of NODA's claim regarding failure to timely pay the undisputed amount of NODA's loss, it did not dispose of the portion of the claim regarding the disputed amount of NODA's loss. This portion of NODA's claim remains the subject of litigation in this Court and will be placed on the Court's trial docket in due course. As stated by the Fifth Circuit, "'since the judgment does not dispose of the entirety of any one claim, it cannot be made an appealable judgment by recourse to Rule 54(b).'" *Monument Mgmt. Ltd. Partnership I*, 952 F.2d at 885 (*quoting Landry v. G.B.A.*, 762 F.2d 462, 464 (5th Cir.1985)).[3]

### III.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that North American's motion for judgment under Rule 54(b) is hereby **DENIED**.

New Orleans, Louisiana, this __3rd__ day of May, 2007.

    _____
            Kurt D. Engelhardt
            United States District Judge

---

*Management Ltd. Partnership I v. City of Pearl, Miss.*, 952 F.2d 883, 885 (5th Cir.1992) (*citing* 10A Wright, Miller & Kane, Federal Practice and Procedure Civil 2d § 2657 at 689-71).

[3] The Court points out that even if Rule 54(b) were the proper recourse in this situation, certification would still be inappropriate. The underlying litigation between NODA and North American remains unresolved, and could result in an appeal. Under the Rule 54(b) analysis as set forth by the Fifth Circuit, the potential for piecemeal appeal outweighs any danger of hardship that may be caused by delay. *PYCA Indus., Inc. v. Harrison County Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir.1996).